McKinney, J.,
delivered the opinion of the Court.
This was an action of trover brought by the defendant in error against the plaintiff in error, to recover damages for the alleged conversion of a buggy by the latter.
It appeal’s, that on the 5th. of January, 1850, Joseph F. Brown conveyed to his son, William D. Brown, the plaintiff in this action, several slaves — to hold the same in trust for Ann Brown, wife of the donor, during her natural life, “ and to pay over to her all the proceeds of their labor,” with power to the. wife to use and appropriate the same in any manner she might deem proper.
The slaves were limited in remainder, after the death of the wife, to the three children of the donor. Some of said slaves were hired out. And it seems from the proof, that the hire was paid, sometimes to the plaintiff as trustee, and sometimes to the said J. F. Brown, the donor. In the year 1851, Joseph F. Brown purchased the buggy in question, and paid for the same with money which accrued from the hire of said slaves, obtained from one Stewart, to whom three *464 of the slaves had been hired. In February, 1852, a judgment was recovered against J. F. Brown, before a justice of the peace, for $37.48, upon a debt contracted in December, 1850. Upon this judgment an execution issued, and was placed in the hands of the defendant Hawthorne, a constable, who levied on and sold said buggy, in satisfaction of said execution.
The money paid for the buggy does not appear to have been thus appropriated with the knowledge or consent of either the trustee, or Mrs. Brown the beneficiary; nor does it appear that the purchase was made at the request, or for the benefit of either. From all that is shown in the record, the reception, as well as the appropriation of so much of the trust fund, was the mere unauthorized act of J. F. Brown. It is true, the proof shows that the buggy was sometimes used by Mrs. Brown and the family; but it is proved by a member of the family, that no claim was set up to it prior to the time of the sale by the defendant, either by the plaintiff or Mrs. Brown.
It may be observed that there is nothing in the record, impeaching in the slightest degree, the validity of the settlement made by J. F. Brown upon his wife. It is not shown that any debt existed against him at the date thereof. The case turns upon the legal effect of the purchase of the buggy, with money belonging to the trust fund.
The Court instructed the jury, amongst other things, that if “ said slaves, or any of them, [ embraced in the deed of settlement,] were hired out, and said buggy was purchased with the money arising from their hire,” *465 the plaintiff would he entitled to recover the value thereof. The jury found for the plaintiff — judgment was rendered accordingly, and the defendant appealed in error.
The legal principle stated in the charge, is not, we think, applicable to this case. The principle is maintained, both at law and in equity, that if a trustee or other person standing in a fiduciary relation, wrongfully converts a trust fund into another species of property, the beneficiary will be entitled to the property thus acquired, and he may sue for it at law. Taylor vs. Plurner, 3 Manl. Selw., 574. In such case the wrongful act of the trustee is not binding on the beneficiary; and it is a matter entirely at the option of the latter, whether to take the substituted property, or to disclaim any title thereto, and proceed upon, his remedy in personam.
But this principle does not apply where, as in the present case, a person standing in no fiduciary relation, wrongfully obtains a portion of a trust fund, and invests the same in property for his own benefit without the knowledge and against the will of the trustee and beneficiary. The bare statement of the case excludes the idea of any trust. The title to the property thus acquired vests in the purchaser.
We are aware of no principle upon which the beneficiary of the trust fund can elect to treat the property as his, more especially as against the creditors of the purchaser who had acquired a lien upon the same before any step was taken by the beneficiary to assert a claim thereto.
If any trust, or agency, on behalf of the benefi *466 ciary in the purchase of the- buggy, were shown, the principle laid down in the charge would, of course, apply; but no such thing appears from the proof as set forth in the record before us.
The judgment will be reversed.